UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HUGHES GERVAT, etc.,

                Plaintiff,

      -against-

SIPING FANG, et al.,                              11 Civ. 6423 (LAK)

                Defendants,

      -and-

CHINA VALVES TECHNOLOGY, INC.,

                Nominal Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                Defendants,

      -and-

CHINA VALVES TECHNOLOGY, INC.,

                Nominal Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff in this derivative action has made an unopposed motion for what he terms "preliminary approval" of a proposed settlement, approval of a notice to the shareholders, and other procedural relief with respect to the process of passing on the proposed settlement. It appears to the Court that various aspects of the proposed settlement and of the notice are likely to result in rejection of the proposed settlement, at least in its present form. Accordingly, the motion [DI 11] is denied without prejudice to renewal in the event the parties make appropriate changes.

        While this does not purport to be a statement of all provisions in the proposed settlement that may be of concern, the parties perhaps will benefit from these comments.

1.      This Court is concerned that granting "preliminary approval" of a proposed class action or derivative settlement may be construed by class members or shareholders as indicating that the Court has made up its mind and that objection to the proposed settlement would be futile.  Accordingly, with respect to colleagues who have granted such approval, this Court typically declines to do so.  In any case, the evidence now before the Court would not permit an informed judgment on the point.

2.      The Court is troubled by the fact that the settlement stipulation provides that any fee and expense award will be paid to one law firm, which "shall be responsible for [its] allocation . . . to and among Plaintiff's Counsel."  Absent a persuasive showing to the contrary, the Court is of the view that approval of attorney's fees is a function of the Court based on the Court's assessment of all pertinent circumstances.

3.      The complaint in this action seeks substantial money damages for corporate waste and on other theories, but does not seek injunctive relief.  Resolution of this case, were the settlement approved, would require China Valves to institute various governance changes but would not require monetary payment to the company for the alleged substantial economic damage.  The proposed notice to shareholders does not mention that the case sought damages, and does not directly state that the settlement will not provide China Valves monetary relief.  Nor does it quantify the extent of the defendants' alleged exposure to the company.

4.      The terms of the corporate governance changes are described only in extremely general terms.

5.      Any settlement in this case, and the judgment of dismissal that would be entered pursuant to it, presumably would have *res judicata* effect with respect to any claims brought by or on behalf of China Valves that were, or could have been, raised in this action.  Thus, the need or justification for a release is not clear.  Moreover, the release in the proposed settlement arguably is broader than the preclusive effect of a judgment of dismissal.  The basis for such breadth also is unclear.

6.      The proposed settlement purports, upon entry of judgment, to release certain claims, including those brought derivatively on behalf of China Valves and its shareholders.  It is not clear, however, what, if anything, non-party shareholders are releasing and why the parties to this settlement have the authority to release it.  Furthermore, while a judgment of dismissal would bar claims that were, or could have been, brought here, it is difficult to see why the settlement may bar *future* causes of action brought by other shareholders.

SO ORDERED.

Dated:      November 24, 2014

_____
Lewis A. Kaplan
United States District Judge